UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Trenton Renell Robinson,                                    Civ. No. 19-2892 (PAM/HB)

        Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Erik Norling, Carolyn Kne,
Mike Gallagher, Nathan
Krogh, Vince Trammel, and
the City of Bloomington,

        Defendants.

_____

     This matter is before the Court on Defendants' Motion to Dismiss or for Judgment on the Pleadings.  For the following reasons, the Motion is granted.

**BACKGROUND**

     On November 11, 2013, as he was driving with his one-year-old daughter to meet his wife, Plaintiff Trenton Renell Robinson received a call on his cell phone.  (Compl. (Docket No. 1) ¶ 21.)  The caller claimed that a "white lady" had hit the caller's brother's car and demanded that Robinson pay $1,600 for the damage to the car.  (Id. ¶ 22, 25.) Robinson, who is Black, assumed that the woman involved in the accident was his mother-in-law, who is white.  (Id. ¶ 23.)  The caller told Robinson that his brother was in a gang and had kidnapped Robinson's mother-in-law; to secure her release, Robinson needed to pay for the damage to the car.  (Id. ¶ 26.)  Unbeknownst to Robinson, the call was a hoax that had been perpetrated on several Bloomington residents.

The caller told Robinson that he should not hang up the phone because if he did, his mother-in-law would get hurt.  (Id. ¶ 29.)  Because Robinson did not have the money, he went home and asked his neighbor to lend him money for the ransom.  (Id. ¶ 30.)  The neighbor, who is white, agreed to lend Robinson $1,000.  (Id. ¶ 31.)  He and Robinson then went together to the TCF Bank branch inside a Cub Foods in Bloomington; Robinson stayed on the phone with the would-be kidnapper the entire time.  (Id. ¶ 32.)  While the neighbor spoke to the teller, Robinson passed her a note asking her to call the police.  (Id. ¶ 33.)  The bank manager did so, describing Robinson and his neighbor, telling the police that Robinson had passed the note and was on the phone.  (Id. ¶ 35.)

Defendant Mike Gallagher, a Bloomington police officer, was the first to arrive.  He saw Robinson standing in a grocery aisle with the phone to his ear.  (Id. ¶¶ 40-41.)  Gallagher told Robinson to put the phone down; when Robinson did not immediately comply, Gallagher forced him to the floor.  (Id. ¶ 42.)  Defendants Nathan Krogh and Vince Trammel, also Bloomington police officers, came to assist Gallagher, and according to Robinson began hitting and choking him.  (Id.)  Eventually, the officers handcuffed Robinson and put him in a squad car.  (Id. ¶¶ 42, 46.)  Robinson alleges that his neighbor tried to tell the officers that Robinson had done nothing wrong, but they did not believe the neighbor.  (Id. ¶ 48.)

Robinson was detained until the next afternoon.  (Id. ¶ 51.)  He was ultimately charged with obstruction of legal process and disorderly conduct.  (Id. ¶ 54.)  He contends that the investigating officer, Defendant Carolyn Kne, discovered that Robinson was one of several victims of the same kidnapping hoax but nevertheless recommended the filing

2

of charges.  (Id. ¶ 53.)  And Robinson asserts that Defendant Erik Norling submitted a false probable-cause report to the Bloomington city attorney in support of the charges.  (Id. ¶ 54.) The attorney ultimately dismissed all charges against Robinson.

The Complaint raises six claims against the individual Defendants and the City of Bloomington.  Counts 1 through 4 arise under 42 U.S.C. § 1983, and claim a violation of Robinson's right to privacy, excessive force, false arrest, and malicious prosecution, respectively.  Count 5 claims failure to intervene in violation of 42 U.S.C. § 1986, and Count 6 claims a conspiracy to violate Robinson's constitutional rights in violation of 42 U.S.C. § 1985.

Defendants move for judgment on the pleadings and to dismiss, arguing that Robinson's claims are time-barred.  They note that the incident took place on November 11, 2013, but that Robinson did not file the lawsuit until November 12, 2019, six years and one day later.  Because the statute of limitations for claims under § 1983 is six years, they ask for dismissal.  They also argue that qualified immunity protects the officers from suit, and that several of the causes of action fail to state a claim on which relief can be granted, even if timely.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant

3

is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).  "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

## A.    Section 1983

The parties do not dispute that the statute of limitations for § 1983 claims in Minnesota is six years. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618 n.3 (8th Cir. 1995).  "Section 1983 claims accrue 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081-82 (8th Cir. 2018) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)).  Robinson's privacy, false-arrest, and excessive-force claims accrued on the day of his arrest, November 11, 2013.  The only § 1983 cause of action that accrued later than the day of the incident is Robinson's claim for malicious prosecution, but as discussed below, that claim is not cognizable under § 1983.  Unless Robinson can establish that tolling the statute of limitations is appropriate, his November 12, 2019, Complaint is untimely.

4

1.      **Paramount Authority**

Robinson contends that the statute of limitations should be tolled by one day under the "paramount authority" doctrine. His asserts that because he was in jail until November 12, 2013, his causes of action did not accrue until that day.

Under the "paramount authority" doctrine, when a person is "prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitation has barred his right . . . ." St. Paul, Minneapolis & Manitoba Ry. Co. v. Olsen, 91 N.W. 294, 296 (Minn. 1902). But even the authority Robinson cites recognizes that short delays caused by the government cannot excuse the running of the limitations period under this doctrine. See Davis v. Wilson, 349 F. Supp. 905, 906 (E.D. Tenn. 1972) (finding allegations that jailers stole plaintiff's complaint three days after the allegedly unconstitutional acts could not excuse the fact that plaintiff filed his action 34 days late). That Robinson was detained overnight did not prevent him from exercising his right to bring a lawsuit within six years.

At the hearing on the Motion, the Court suggested that the federal-holiday Rule might save Robinson's Complaint, because the day the six-year limitations period expired, November 11, 2019, was Veteran's Day, a federal holiday. The Rules provide that under some circumstances a filing is not due until the next business day if the last day of a filing period is a Saturday, Sunday, or federal holiday. Fed. R. Civ. P. 6(a)(1)(C). However,

Robinson's attorney conceded that the lawsuit was not timely filed and did not further pursue the Court's suggestion.

Robinson's claims for right to privacy, excessive force, and false arrest under § 1983 are barred by the six-year statute of limitations. They are therefore dismissed with prejudice. See In re Wholesale Grocery Prod. Antitrust Litig., No. 09-MD-2090, 2010 WL 4134341, at *1 (D. Minn. Oct. 19, 2010) ("Where a plaintiff's claims are clearly time-barred, it is improperly prejudicial to defendants to allow dismissal without prejudice.") (Montgomery, J.)

### 2.     Malicious Prosecution

Robinson urges this Court to determine that his claim for malicious prosecution under § 1983 may go forward, noting that the majority of federal circuit courts of appeals recognize such a claim. But the Eighth Circuit Court of Appeals has repeatedly stated that it is not likely to recognize a § 1983 claim for malicious prosecution, despite that most of its sister circuits do so. See Bates v. Hadden, 576 F. App'x 636, 639 (8th Cir. 2014) (noting that "malicious prosecution is not a constitutional injury"); see also Albright v. Oliver, 510 U.S. 266, 270 n.4 (1994) (noting "the extent to which a claim of malicious prosecution is actionable under § 1983 is one 'on which there is an embarrassing diversity of judicial opinion'") (quoting Albright v. Oliver, 975 F.2d 343, 345 (7th Cir. 1992)). The Court will not deviate from the Eighth Circuit Court of Appeals' position on the viability of malicious-prosecution claims under § 1983, and this claim is dismissed with prejudice.

**B.      Failure to Intervene**

Defendants argue that Robinson's failure-to-intervene claim is likewise untimely. According to Defendants, a one-year statute of limitations applies to a failure-to-intervene claim under § 1986.  Robinson did not respond to Defendants' arguments on this issue, apparently conceding that his § 1986 claim fails.  That claim is likewise dismissed with prejudice.

**C.      Conspiracy**

In addition to challenging the factual and legal underpinnings for the conspiracy claim, Defendants contend that the claim is untimely as to the three arresting officers, Defendants Gallagher, Trammel, and Krogh.  As with § 1983 claims, the statute of limitations for § 1985 claims in Minnesota is six years.  Davidov v. Honeywell, Inc., 515 F. Supp. 1358, 1360 (D. Minn. 1981) (Alsop, J.).  According to Defendants, the last overt act by these officers occurred on the day of Robinson's arrest, November 11, 2013.  See Bell v. Fowler, 99 F.3d 262, 270 (8th Cir. 1996) (noting that statute of limitations for conspiracy claim begins to run "from the occurrence of the last overt act resulting in damage to the plaintiff").  But Robinson contends that the conspiracy included the filing of false charges, which was weeks after his arrest and within the limitations period.  All members of the conspiracy are responsible for the actions of co-conspirators, and thus, if Robinson has sufficiently pled his conspiracy claim, the claim is timely as to all of them.

Defendants next argue that the conspiracy claim must be dismissed because Robinson did not allege any facts to show any agreement among the police officers to violate Robinson's civil rights.  But their contention references a lack of "evidence," which

7

is not an appropriate argument at this stage.  (<u>See</u> Defs.' Supp. Mem. (Docket No. 20) at 13.)  The question is whether Robinson's allegations, taken as true, could establish the alleged conspiracy, not whether he can ultimately marshal the evidence to make out such a claim.

Defendants are correct, however, that the Complaint does not sufficiently allege any class-based animus for the § 1985 conspiracy.  <u>See</u> <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S.263, 268 (1993) (civil-rights plaintiff must show that alleged conspiracy is fueled by a "class-based, invidiously discriminatory animus").  The Complaint asserts that the officers wanted to cover up their excessive use of force and did so by conspiring to charge Robinson with crimes.  (Compl. ¶ 10.)  This motive is not sufficient to state a claim for a § 1985 conspiracy.  In response, Robinson cites to certain evidence (Pl.'s Opp'n Mem. (Docket No. 26) at 18-20), but again, at this stage the Court only evaluates the allegations in the Complaint, not what the evidence may or may not show.  The Complaint as pled does not sufficiently allege a class-based animus.  Robinson's § 1985 claim against the individual Defendants is dismissed without prejudice.

D.      **City of Bloomington**

Finally, Defendants ask the Court to dismiss Robinson's conspiracy claim against the City.  Defendants note that the "conspiracy" described in Robinson's opposition memorandum is different than that alleged in the Complaint.  Robinson's new conspiracy is one to deprive him of his rights to equal protection, but Robinson did not raise an equal protection claim in the Complaint.  Whether or not Robinson's conspiracy claim arises under equal-protection or some other theory, the City may be liable only "if the [alleged

constitutional] violation result[s] from . . . an 'official municipal policy.'" <u>Corwin v. City of Independence</u>, 829 F.3d 695, 699 (8th Cir. 2016) (quoting <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)).  Because the Complaint has no allegations regarding City policies or practices, the conspiracy claim against the City must be dismissed without prejudice.

**CONCLUSION**

Robinson's claims are time-barred, not cognizable, or insufficiently pled. Accordingly, **IT IS HEREBY ORDERED that**:

1.   The Motion to Dismiss (Docket No. 17) is **GRANTED**;

2.   Counts 1 through 5 of the Complaint (Docket No. 1) are **DISMISSED with prejudice**; and

3.   Count 6 of the Complaint is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>September 30, 2020</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge